No. 17,613.

## OLLEMAN *v.* OLLEMAN.

DIVORCE.—*Answer to Charge of Cruel Treatment.—Self-Defense.*—An answer in an action for divorce for cruel treatment, alleging that defendant had been informed by credible persons that plaintiff had been guilty of adulterous conduct with a designated person, and that when defendant inquired of her as to the truth of such report, plaintiff admitted its truth and became enraged at defendant, attacking him in a violent manner so that he was compelled to strike her in self-defense, which is the only assault ever made by him upon her, is sufficient as a plea of self-defense.

From the Morgan Circuit Court.

*O. Matthews* and *E. E. Stevenson*, for appellant.

*W. R. Harrison*, *W. Hickam* and *O. Staley*, for appellee.

HOWARD, J.—This was an action brought by the appellant against the appellee for divorce and alimony, on the ground of cruel treatment. The charge of cruel treatment is directed almost wholly to the occasion of a violent quarrel between the parties, on the 28th day of July, 1894. To this charge there was an answer in general denial, also a special answer averring that appellee only struck appellant in self-defense, and after she had violently attacked, and painfully injured him. There was a third answer, that the suit was brought by reason of a conspiracy between appellant and her daughter and son-in-law, who wished to get control of appellee's property.

A demurrer was overruled to the second paragraph of answer, and sustained to the third.

After the submission of the cause to the court, and

pending the trial the appellee, by leave of court and over the objection of appellant, filed a fourth paragraph of answer, to which a demurrer was overruled. This last ruling is assigned as error.

The fourth paragraph of the answer, in addition to the facts averred in the second paragraph, stated that on said 28th day of July, 1894, when said acts of cruelty, as charged, occurred, and previous thereto, appellee had been informed by credible persons that appellant had, on the 10th day of July, and at divers other times during the previous four months, been guilty of lecherous and adulterous conduct with a person named; and that on said 28th day of July, appellee enquired of appellant as to the truth of such report, whereupon, it is averred, the appellant became enraged at appellee, and, admitting the truth of the report against her, attacked him in the violent manner detailed in this paragraph of the answer, so that appellee was compelled to strike appellant in his own self-defense, which, he says, is the only assault ever made by him upon her.

Counsel for appellant say that this fourth paragraph of answer is an attempt by appellee to plead adultery on the part of appellant as a defense to the charge of cruel treatment made by her, and that the plea as made is insufficient for the purpose intended.

Counsel for appellee, on the contrary, say that the fourth paragraph of answer is but an elaboration of the defense set up in the second paragraph, namely, the plea of self-defense, giving a full statement of the facts leading up to the quarrel between the parties. Counsel contend, in addition, that the communication to appellant by her husband of the reports against her, and his inquiry of her as to their truth, with the expression of her anger in return, and her consequent assault upon him, and his acts in self-defense, were all parts of the

same transaction, and that proof of all the acts, circumstances and words attending the same should have been admitted under the second paragraph of answer, but that as the court deemed said second paragraph insufficient for such purpose, it was not error to file the additional and fuller fourth paragraph of answer, under which the words as well as the acts attending the quarrel might be proved.

We think counsel for appellant misapprehended the scope and purpose of the fourth paragraph of answer. It is not an averment of adultery on the part of appellee, but a plea setting up facts going to show self-defense in answer to a charge of assault against him. As such plea it was sufficient, and it was not error for the court to overrule the demurrer thereto. The weight to be given to any evidence adduced under the paragraph was for the trial court to determine.

The judgment is affirmed.

Filed December 20, 1895.